UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>ARTHUR J. HOTTIN,<br><br>    Debtor. | Chapter 13<br>Case No. 18-30079-EDK |

### STIPULATION

NOW COME the parties, through their respective undersigned counsel, and request that this Honorable Court enter the following stipulation as an order of the Court.

### STATEMENT OF MATERIAL FACTS

1. Arthur J. Hottin (the "**Debtor**") is an individual who asserts an ownership interest in the real property known as and numbered 28 Barrington Road, Longmeadow, Hampden County, Massachusetts (the "**Property**").

2. U.S. Bank Trust National Association as Trustee of the Igloo Series III Trust ("**U.S. Bank Trust**") has a principal place of business located at 7114 E. Stetson Drive, Suite 250, Scottsdale, Arizona.

3. On December 27, 2002, the Debtor and Julie R. Hottin executed and delivered to GMAC Mortgage Corporation (the "**Lender**") a note in the original amount of $184,000.00 (the "**Note**"). Simultaneously therewith, as security for the obligations under the Note, the Debtor and Julie R. Hottin executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for the Lender, a mortgage (the "**Mortgage**") on the Property.

{00387410.DOC}

4. U.S. Bank Trust is the assignee of the Mortgage.

## The Bankruptcy

5. On February 6, 2018, the Debtor filed a Chapter 13 petition, commencing the above-captioned case.

6. On November 28, 2018, the Debtor filed a Chapter 13 plan, which has not yet been confirmed.

7. On January 17, 2019, U.S. Bank Trust filed its motion for relief from stay regarding the Note, Mortgage and Property, alleging post-petition arrears owed as the grounds for relief from stay (the "**Motion for Relief**").  Doc. No. 54.

8. On February 1, 2019, the Debtor filed his opposition to the Motion for Relief.  Doc. No. 57.

WHEREAS, the parties hereto desire to resolve all differences between them, the parties STIPULATE and AGREE as follows:

A. The Debtor acknowledges and agrees that the monthly payment amount under the Note and Mortgage as of March 2019 was $1,294.12.  The Debtor also acknowledges and agrees that he is currently delinquent on post-petition payments under the Note and Mortgage and, therefore, there exists good cause to grant U.S. Bank Trust relief from the automatic stay regarding the Property.

B. The Debtor acknowledges and agrees that the post-petition arrears, including the March 2019 payment, total $5,929.56 (the "**Post-Petition Arrears**"), comprised of the following:

  1. $5,176.48 in monthly mortgage payments for December 2018 through March 2019 (4 x $1,294.12); and

  2. $1,306.00 that U.S. Bank Trust has incurred in legal fees and costs in filing and prosecuting the Motion for Relief; less

2

   3. $552.92 that U.S. Bank Trust is holding as a post-petition credit.

C. The parties agree to the following:

 1. The Debtor shall pay the regular monthly mortgage payments on the Property as they become due, beginning with the April 2019 payment; and

 2. In addition to the regular monthly mortgage payments on the Property, the Debtor shall make the following payments in certified funds to U.S. Bank Trust that will be applied to the Post-Petition Arrears:

  a. $988.26 on or before April 25, 2019;
  b. $988.26 on or before May 25, 2019;
  c. $988.26 on or before June 25, 2019;
  d. $988.26 on or before July 25, 2019;
  e. $988.26 on or before August 25, 2019; and
  f. $988.26 on or before September 25, 2019.

 3. **SHOULD THE DEBTOR FAIL TO MAKE THE PAYMENTS IN THE AMOUNTS AND BY THE DEADLINES DESCRIBED IN PARAGRAPH C(1) OR C(2) ABOVE DURING THE TIME PERIOD ENDING SEPTEMBER 15, 2019, THEN U.S. BANK TRUST (OR ITS SUCCESSORS-IN-INTEREST, IF ANY) MAY FILE AN AFFIDAVIT OF NONCOMPLIANCE (THE "AFFIDAVIT") THAT WILL REQUEST, AMONG OTHER THINGS, THAT THIS COURT GRANT U.S. BANK TRUST RELIEF FROM THE AUTOMATIC STAY AND, UPON COURT APPROVAL OF THE AFFIDAVIT AND THE GRANTING OF RELIEF FROM STAY, U.S. BANK TRUST MAY PURSUE ITS RIGHTS AND REMEDIES PURSUANT TO THE NOTE AND MORTGAGE WITHOUT FURTHER HEARING, INCLUDING BUT NOT LIMITED TO PURSUING ITS RIGHT TO FORECLOSE THE MORTGAGE AND TO PURSUE SUMMARY PROCESS PROCEEDINGS.**

D. By entering into this Stipulation, U.S. Bank Trust in no way waives or forfeits its rights to collect any pre-petition or post-petition arrears under applicable law, and in no way alters the terms, conditions, or its rights under the Note and Mortgage.

3

| U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE IGLOO SERIES III TRUST AS SERVICED BY BSI FINANCIAL SERVICES, | ARTHUR J. HOTTIN, |
|---|---|
| By its attorneys, | By his attorney, |
| SASSOON & CYMROT, LLP, | |
| /s/*Stephanie E. Babin* <br> Stephanie E. Babin, Esq. (BBO#689167) <br> Richard C. Demerle, Esq. (BBO#652242) <br> 84 State Street <br> Boston, MA 02109 <br> (617) 720-0099 <br> SBabin@SassoonCymrot.com | /s/*Louis S. Robin* <br> Louis S. Robin, Esq. <br> Law Offices of Louis S. Robin <br> 1200 Converse Street <br> Longmeadow, MA 01106 <br> (413) 567-3131 <br> louis.robin.bankruptcyECF@gmail.com |

DATE:  March 19, 2019

## MLBR APPENDIX 8 REPRESENTATION

Pursuant to MLBR Appendix 8, Rule 8, Stephanie E. Babin, Esq. of the law firm of Sassoon & Cymrot, LLP hereby represents that she has authority to consent on behalf of other parties who are purported signatories to the above document – specifically, the consent of Louis S. Robin, Esq., counsel to debtor Arthur J. Hottin.

/s/ *Stephanie E. Babin, Esq.*
Stephanie E. Babin, Esq.